CAUSE NO. 2024-689-CCL2

| | | |
|---|---|---|
| **JARED JACKSON AND CRISTINA R. JACKSON,** *Plaintiff,* | § § § § § § § § § § § § § § § | ~~IN THE DISTRICT COURT OF~~ |
| **v.** | | IN THE COUNTY COURT AT LAW NO. 2 |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** *Defendant* | | ~~_____ JUDICIAL DISTRICT~~ GREGG COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jared Jackson and Cristina R. Jackson (hereinafter referred to as "Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.   Plaintiffs, Jared Jackson and Cristina R. Jackson is an individual domiciled in Gregg County, Texas.

3.   Defendant, Allstate Vehicle and Property Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance

in the State of Texas. Defendant may be served with process by serving its registered agent at **CT CORPORATION SYSTEM, 1999 BRYAN ST STE 900, DALLAS, TX 75201-3136.**

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief under $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

5. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6. Venue is proper in Gregg County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7. Plaintiffs our the owners of Texas insurance policy 886986767 (hereinafter the "Policy"), which was issued by Defendant.

8. Plaintiffs own the insured property, which is specifically located at 209 Travis Peak Trail, White Oak, Texas 75693 (hereinafter the "Property").

9. Defendant sold the Policy insuring the Property to Plaintiff.

10. On or about April 2, 2023, water caused extensive damage to the insured Property.

11. Plaintiffs submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number 0719911256 to the claim.

12. Plaintiffs asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13. Defendant and Defendant's representatives inspected the property and did not issue a payment to Plaintiff for the damages. Defendant, on multiple occasions, failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

14. Defendant and Defendant's representatives set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

15. As detailed in the paragraphs below, Defendant and Defendant's representatives wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

16. To date, Defendant continues to delay payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

17. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although

due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

18. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence and Defendant's own negligence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendant failed to attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever

on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

28. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

30. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

31. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

32. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

33. Defendant's breach proximately caused Plaintiff's injuries and damages.

34. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41. Each of the foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42. The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave proper notice. Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

46. Each of the foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages.

## UNFAIR CLAIM SETTLEMENT PRACTICES

47. Defendant's conduct violated TEX. INS. CODE §542.003 by engaging in unfair settlement practices.

48. Defendant committed numerous violations of TEX. INS. CODE §542.003 insofar as Defendant:

   a) knowingly misrepresented to Plaintiff pertinent facts or policy provisions relating to coverage at issue;

   b) failed to acknowledge with reasonable promptness pertinent communications relating to the Claim;

   c) failed to adopt and implement reasonable standards for the prompt investigation of the Claim;

   d) did not attempt in good faith to affect a prompt, fair, and equitable settlement of the Claim submitted in which liability has become reasonably clear;

   e) compelled Plaintiff to institute a suit to recover an amount due under a policy by offering substantially less than that which is due.

49. Defendant should be held strictly liable for conduct resulting in violations of TEX. INS. CODE §542.003.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

51. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the

exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

52. Defendant and Defendant's representatives failed to complete repairs for coverage damage, created additional damage to the Property, and thereby caused Plaintiff injury independent of the claim denial.

53. Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

54. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

55. Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

56. Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e) Violated the provisions of the Texas Insurance Code described herein.

57. Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the

transfer of consideration. As a result of Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

58. Defendant is liable to Plaintiff for common law fraud.

59. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

60. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

61. Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. Defendant allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

62. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that

would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

63.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

65.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

66.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages. TEX. INS. CODE §541.152.

67.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68.    As repairs have not begun or are still in the process of being completed, Plaintiff is entitled to Additional Living Expenses and Contents as they have been incurred and to future Additional

Living Expenses and Contents. The insured hereby places you on notice of their intent to make all needed repairs once full payment has been issued under the insurance policy.

69. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

70. For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest, and court costs.

71. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

73. Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

74. Plaintiff requests a jury trial and has tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

75. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;
8) Costs of suit;
9) Such other and further relief to which Plaintiff may be justly entitled.

(Signature on following page)

Respectfully Submitted,


By: /s/ *Michael S. Hess*
Michael S. Hess
Texas Bar No. 24138267
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
**The Hodge Law Firm, PLLC**
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gabriel Bethscheider on behalf of Michael Hess
Bar No. 24138267
gbethscheider@hodgefirm.com
Envelope ID: 87587953
Filing Code Description: Petition (OCA)
Filing Description:
Status as of 5/10/2024 8:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 5/9/2024 5:25:05 PM | SENT |
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 5/9/2024 5:25:05 PM | SENT |
| Becky ABethscheider | | bbethscheider@hodgefirm.com | 5/9/2024 5:25:05 PM | SENT |
| Michael S.Hess | | mhess@hodgefirm.com | 5/9/2024 5:25:05 PM | SENT |